**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA,         :

    -against-

                                 :

MARTIN TREMBLAY,

                                 :

    Defendant.
------------------------------------X

S1 05 Cr. 783 (JFK)

**MEMORANDUM OPINION & ORDER**

**JOHN F. KEENAN, United States District Judge:**

    The Court has received a pro se submission from defendant Martin Tremblay challenging the preliminary Order of Forfeiture of Specific Assets that was issued on August 11, 2008 (the "Specific Assets Order"). As explained more fully below, the challenge is dismissed because defendant lacks standing to raise it.

    On or about January 17, 2006, defendant was charged in a three-count indictment with violations of 18 U.S.C. §§ 1956(h), 1956(a)(3), and 2. The indictment alleged that Tremblay, who at all relevant times was the president and managing director of a financial company named Dominion Investments, Ltd. ("Dominion Investments"), used the company and its offshore bank accounts to launder millions of dollars of proceeds from numerous illegal activities. The indictment also included a forfeiture allegation requiring Tremblay to forfeit to the United States at least $1 billion in U.S. currency as property involved in the money laundering offenses, pursuant to 18 U.S.C. § 982.

On November 20, 2006, defendant pleaded guilty to count one of the indictment. On March 14, 2007, he was sentenced to four years in prison and ordered to forfeit $220,000 to the government. That same day, the Court entered an Order of Forfeiture imposing a forfeiture money judgment against the defendant in the amount of $220,000.

On August 6, 2008, the Government moved to amend the Order of Forfeiture to include certain property of the defendant as substitute property to satisfy the forfeiture money judgment, pursuant to Federal Rule of Criminal Procedure 32.2(e) and 21 U.S.C. § 853(p). Submitted in connection with the motion was an affidavit from a special agent with the Drug Enforcement Agency who was involved in the investigation. According to the agent's affidavit, the government was unable despite its diligent efforts to locate assets within the United States to satisfy the money judgment. However, it identified through wire records five Bahamian bank accounts held in the name of Dominion Investments into which Tremblay had transferred funds involved in the money laundering. The government sought to substitute Tremblay's interest in these bank accounts to satisfy the forfeiture money judgment.

On August 11, 2008, the Court granted the application and issued the Specific Assets Order. The Order provides that all of Tremblay's rights, title and interest in the five bank accounts were forfeited and vested in the United States to

satisfy the $220,000 forfeiture money judgment. The order also provides that third parties claiming an interest in those accounts may petition the court to have their rights determined in an ancillary proceeding pursuant to § 21 U.S.C. 853(n).

On August 22, 2008, the Court received a letter and an affidavit from Tremblay challenging the Specific Assets Order. Tremblay states that he has no direct or indirect beneficial interest in the five Bahamian accounts. Rather, he claims that the funds in those accounts belong to clients of Dominion Investments.

The Advisory Committee Notes to Fed. R. Crim P. 32.2(b) state that a "defendant would have no standing to object to the forfeiture on the ground that the property belonged to someone else." See also United States v. Weidner, No. 02-40140-01 (JAR), 2004 WL 432251, at *5 (D. Kan. Mar. 4, 2004) (holding that a defendant has no standing to "contest forfeiture on the grounds that the subject property is owned by a third party"). Because Tremblay claims to have no ownership interest in the specified bank accounts, he lacks standing to challenge the Specific Assets Order. Thus, Defendant's objection to the order is DISMISSED.

SO ORDERED.

Dated:  New York, New York
        October /0 , 2008.

_____
JOHN F. KEENAN
United States District Judge